# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. BRAZELTON, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00272-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN CLAIMS BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 14<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Carlos Angel ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on February 24, 2012. (ECF No. 1.) The Court screened and dismissed Plaintiff's original complaint on October 31, 2012. (ECF No. 10.) Plaintiff filed a First Amended Complaint on December 21, 2012. (ECF No. 14.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint states a cognizable Eighth Amendment claim against Defendant T. Berring, but does not state any cognizable claims against Defendants P. Brazelton and F. Igbinoza. The Court further finds that Plaintiff's claims against Brazelton and Igbinoza are not capable of being cured with further

1

leave to amend. Accordingly, the Court recommends that Plaintiff's claims against Brazelton and Igbinoza be dismissed without leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's First Amended Complaint took place while Plaintiff was incarcerated at Pleasant Valley State Prison. Plaintiff names P. Brazelton (warden), F. Igbinoza (chief medical officer) and T. Berring (chief physician) as defendants in this action.

Plaintiff alleges that he suffers from "Pterygium," which he describes as a painful eye disease. (First Am. Compl. 3.) An ophthalmologist recommended "pterygium removal," but Plaintiff contends that Defendant Berring "denied the surgery without cause." (First Am. Compl. 3.) As a result, Plaintiff suffers from lost sleep, anxiety and psychological distress. (First Am. Compl. 3.)

Plaintiff contends that "Defendant Brazelton was negligent in hiring, supervising and retaining CMO Igbinoza and Chief Physician B[e]rring." (First Am. Compl. 3.) Plaintiff further alleges that Igbinoza and Berring "base[d] their decisions on a budgetary basis and not on sound medical practice..." (First Am. Compl. 4.) Plaintiff contends that "Igbinoza failed to properly supervise defendant B[e]rring." (First Am. Compl. 4.)

## IV.

## DISCUSSION

**A.    Eighth Amendment Claims**

Plaintiff contends that his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause were violated. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

/ / /

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff alleges that Defendant T. Berring denied a "Pterygium removal" medical procedure that was recommended by another doctor. Plaintiff further alleges that the denial of treatment was based on budgetary concerns and not on sound medical practice. Plaintiff states a cognizable Eighth Amendment claim against Berring. See Jones v. Johnson, 781 F.2d 769, 772 (9th Cir. 1986) (allegation that necessary medical treatment was denied due to "tight budget" sufficient to state a claim under the Eighth Amendment).

However, Plaintiff does not state any cognizable Eighth Amendment claims against Defendant Igbinoza or Defendant Brazelton. Plaintiff alleges that Igbinoza and Brazelton were negligent in hiring, supervising and/or retaining Berring. Such allegations do not rise to the level of an Eighth Amendment violation because they do not meet the higher deliberate indifference standard. Plaintiff does not allege facts that plausibly demonstrate that Igbinoza or Brazelton were actually aware of a substantial risk to Plaintiff.

/ / /

**B. Dismissal Of Claims Against Defendants Igbinoza and Brazelton Without Leave To Amend**

The Court previously informed Plaintiff of the deficiencies in his claims against Igbinoza and Brazelton in its prior screening order. Plaintiff's First Amended Complaint does not allege any new or different facts that address the deficiencies previously identified. Accordingly, the Court finds that the deficiencies in Plaintiff's claims against Igbinoza and Brazelton are not capable of being cured by granting further leave to amend. The Court recommends that Plaintiff's claims against Igbinoza and Brazelton be dismissed without leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

**V.**

**CONCLUSION AND RECOMMENDATION**

Plaintiff's First Amended Complaint states cognizable claims against Defendant Berring for the violation of Plaintiff's rights under the Eighth Amendment. However, Plaintiff's First Amended Complaint does not state any other cognizable claims. The Court finds that the deficiencies in Plaintiff's non-cognizable claims are not curable by further amendment of his complaint.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed on December 21, 2012, against Defendant Berring for the violation of Plaintiff's rights under the Eighth Amendment (ECF No. 14); and

2. Plaintiff's claims against Defendants Igbinoza and Brazelton be dismissed for failure to state a claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE