UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BERRING,<br><br>　　　　Defendant. | Case No.: 1:12-cv-00272-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR U.S. MARSHAL TO PROVIDE ADDRESS FOR T. BERRING AND ORDER TO SHOW CAUSE WHY DEFENDANT T. BERRING SHOULD NOT BE DISMISSED FROM ACTION FOR FAILURE<br><br>[ECF Nos. 23, 24] |

　　　　Plaintiff Carlos Angel is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendant T. Berring for deliberate in difference to a serious medical need in violation of the Eighth Amendment. The United States Marshal has not been able to locate and serve Defendant Berring.

　　　　Rule 4(m) of the Federal Rules of Civil Procedure provides:

> [if] a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

///

1

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause…." Id. at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-1422. The burden lies with the Plaintiff, not the United States Marshal or CDCR.

Here, the Marshal forwarded the service packet to Pleasant Valley State Prison in Coalinga, California, which was forwarded to the special investigator who was unable to identify or locate Defendant T. Berring. In his motion for an order directing the California Department of Corrections and Rehabilitation (CDCR) to provide him with a copy of Defendant Berring's address, Plaintiff contends that prison officials are attempting to block the service of process to thwart the prosecution of his case. Plaintiff further contends that Defendant T. Berring is the Chief Medical Officer at Pleasant Valley State Prison and the Litigation Coordinator has personnel records to access his location.

Since the Plaintiff bears the burden of providing the Marshal with accurate and sufficient information to effect service of the summons and complaint, Plaintiff shall be provided with an opportunity to show cause why Defendant T. Berring should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff's motion for CDCR to provide T. Berring's address provides no more information than previously submitted and his information does not contradict the information the U.S. Marshal received by the special investigator appointed to locate T. Berring. If Plaintiff either fails to respond

///

to this order or responds but fails to show cause, Defendant T. Berring shall be dismissed from this action.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order to reveal Defendant Berring's address for service of process by the U.S. Marshal is DENIED;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant T. Berring should not be dismissed from this action; and

3. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant T. Berring from this action.

IT IS SO ORDERED.

Dated:   **April 1, 2014**

UNITED STATES MAGISTRATE JUDGE