UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>BERRING,<br><br>    Defendant. | Case No.: 1:12-cv-00272-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 25] |

Plaintiff Carlos Angel is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding solely against Defendant T. Berring for deliberate in difference to a serious medical need in violation of the Eighth Amendment. The United States Marshal has not been able to locate and serve Defendant Berring.

On April 1, 2014, the Court directed Plaintiff to show cause why dismissal was not warranted in light of the failure to serve the sole Defendant Berring. The thirty-day time frame to file a response has expired and Plaintiff has failed to respond to the order.

**I.**

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

If a defendant is not served within 120 days after the complaint is filed, the court - on

1

motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Here, the Court previously determined in its order to show cause that the Marshal had exhausted avenues available to him to locate and serve Defendant B. Sunday. Walker, 14 F.3d at 1421-1422. Plaintiff has failed to respond to the order to show cause and/or provide the Court with good cause to extend the time for serving Defendant Sunday. Accordingly, the action should be dismissed.

## II.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that the instant action be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with the Findings and Recommendation, Plaintiff may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 21, 2014**

UNITED STATES MAGISTRATE JUDGE